780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
OTTAWA SILICA COMPANY, Petitioner,
v.
SECRETARY OF LABOR, MINE SAFETY and HEALTH ADMINISTRATION
(MSHA), on behalf of JOHN COOLEY, Respondents.
 84-3859
 United States Court of Appeals, Sixth Circuit.
 11/11/85
 
 AFFIRMED
 F.M.S.H.A.
 On Appeal from the Federal Mine Safety and Health Review Commission
 BEFORE: KEITH, ENGEL and JOINER*.
 PER CURIAM:
 
 
 1
 Petitioner, Ottawa Silica Company, appeals from a determination by the Federal Mine Safety and Health Review Commission that it violated Section 105(c)(1) of the Mine Act by firing an employee, John Cooley, for complaining of a safety condition and refusing to work under conditions believed to be unsafe. We affirm on the ground that substantial evidence supports the Commission's finding.
 
 I.
 
 2
 The issue in this case is whether Cooley was fired for engaging in protected activity, i.e., complaining in good faith about a safety hazard and refusing to work under such a condition, or whether he was fired for using profanity. On June 19, 1981, respondent, Secretary of Labor, Mine Safety and Health Review Commission filed a complaint of discrimination on behalf of John Cooley against Ottawa Silica Company for unlawfully discharging him for engaging in protected activity. Specifically, Cooley complained he was discharged in early May, 1980, for refusing to light a gas drier, used for drying silica, with a hand held flame. Cooley claimed, for a number of reasons, that lighting the drier in such a fashion presented a safety hazard for several reasons. First, the drier system was supposed to be ignited automatically by pushing a control panel. However, a malfunction of the automatic system required an employee to ignite the system by hand with a cigarette lighter or a burning piece of paper. One could reasonably infer that lighting the drier in this unconventional manner could pose a safety hazard. Second, lighting the drier included leaning over a rail on one's tip-toes, thereby exposing the employee to an eight foot plunge to the ground. Third, Cooley once singed his hand while lighting the drier with a hand held flame. From these facts, the Commission could reasonably infer that lighting the drier in this manner posed safety hazards to the employee. Moreover, these facts in icate that Cooley had a reasonable belief that lighting the drier by hand was dangerous, regardless of the actual danger. As stated in Consolidated Coal Co. v. Marshall, 663 F.2d 1211 (3d Cir. 1981): 'Those who honestly believe that they are encountering a danger to their health are . . . assured protection from retaliation by the employer even if the evidence ultimately shows that the conditions were not as serious or hazardous as believed.' Consolidated Coal Co. v. Marshall, 663 F.2d. at 1219.
 
 
 3
 Ottawa claims that Cooley was fired for the profanities he used while talking to his foreman, Dave Chalmers, after refusing to light the drier by hand. However, substantial evidence supports the Commission's conclusion that Ottawa's claim was mere pretext. Significantly, there was no evidence that any employee was ever disciplined or fired for using profanity. In conclusion, we find the Commission's determination was supported by substantial evidence.
 
 
 4
 Accordingly, we affirm the judgment below.
 
 
 
 *
 Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation